UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORMET PRIMARY ALUMINUM CORPORATION | CIVIL ACTION |
| VERSUS | No. 09-6726 |
| BALLAST TECHNOLOGIES, INC. | SECTION I/4 |

### ORDER AND REASONS

Before the Court are cross motions for summary judgment filed by plaintiff, Ormet Primary Aluminum Corporation ("Ormet"),[1] and defendant, Ballast Technologies, Inc. ("Ballast").[2] For the following reasons, Ormet's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** and Ballast's motion for summary judgment is **DENIED**.

*BACKGROUND*

On November 8, 2009, Ormet filed a lawsuit alleging that Ballast owed Ormet in excess of $145,290.77 in return for Ormet providing handling and storage space for bulk magnetite ore at Burnside Terminal.[3] Ormet alleged that it provided such storage space during the years of 2007 and 2008.[4]

These parties were previously involved in litigation before this Court in 2008.[5] In the Universal Minerals litigation, Ballast alleged that Ormet breached a maritime contract in January and February of 2006 in connection with the unloading and storage of the cargo of the M/V Biloxi Belle.

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 21.
[3] R. Doc. No. 1, paras. 4-6..
[4] R. Doc. No. 1, para. 4.
[5] *See Universal Minerals, Inc., et al v. Ormet Primary Aluminum Corp, et al.*, No. 08-1383, (E.D.La.) (referred to herein as the "Universal Minerals litigation").

On March 1, 2010, Ballast filed its motion for summary judgment.[6] Ballast contends that the majority of Ormet's claims—totaling $134,370.85—should have been raised as a compulsory counterclaim to the earlier litigation. Ballast argues that Ormet's claims for non-payment arise out of the same contract at issue in the Universal Minerals litigation. Ballast alleges that it has tendered payment for the remainder of Ormet's claim.[7] Ormet contends that its claims are not compulsory counterclaims and, as such, it is entitled to summary judgment.

## STANDARD OF LAW

### I. Summary Judgment Standard

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th

---

[6] R. Doc. No. 19.
[7] R. Doc. No. 19-2, p. 6.

2

Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## *DISCUSSION*

The parties' chief dispute in this matter is whether Ormet's claim for the money owed for storage services in connection with cargo off-loaded from the M/V Biloxi Belle should have been raised as a compulsory counterclaim to the Universal Minerals litigation.

**I.     Compulsory Counterclaim**

Rule 13(a) of the Federal Rules of Civil Procedure "is intended to avoid multiple litigation by consolidating all controversies between the parties . . ." *Plant v. Plazer Financial Servs., Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir. 1979). Rule 13(a)(1) states, "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). "A counterclaim which is compulsory but is not brought is thereafter barred[.]" *Papadopoulos v. Douglas*, 268 F.3d 1063,

2001 WL 877608, at *2 (5th Cir. 2001)(quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

Courts within the Fifth Circuit employ the following test to determine if claims are compulsory counterclaims:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and counterclaim.

*Id.* (quoting *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992)). "An affirmative answer to any of the four questions indicates the claim is compulsory." *Id.* (quoting *Underwriters at Interest on Cover Note JHB92M10482079 v. Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996)). "The Fifth Circuit's approach focuses on whether the claim and counterclaim share an 'aggregate of operative facts[.]'" *Id.*

It is clear from the evidence presented by the parties that Ormet's claim in the present litigation does not share an 'aggregate of operative facts' with the Universal Minerals litigation. In reality, the only fact common to both litigations appears to be the presence of the M/V Biloxi Belle. The Universal Minerals litigation involved the payment of demurrage charges for the time the M/V Biloxi Belle spent waiting to unload at Burnside terminal in February, 2006.[8]

Although Ballast contends that a portion of the cargo unloaded in February, 2006, incurred the storage charges that form the basis of this lawsuit, the evidence demonstrates that such connection ends there. Such charges were incurred in the last three months of 2007.[9]— almost two years after the M/V Biloxi Belle docked at Burnside Terminal. Further, while the

---

[8] *See* Civil Action No. 08-1383, R. Doc. No. 1.
[9] R. Doc. No. 21-2, para. 6.

parties contest whether the August, 2005 contract that governed the discharge of the M/V Biloxi Belle also governed, in part, the long-term storage of her cargo, it is undisputed that the rates for the storage of the M/V Biloxi Belle's cargo as well as cargo from other vessels were renegotiated in October, 2007.[10]  Moreover, none of the facts at issue in the present lawsuit—for example, whether such cargo was stored or whether payment was made—were at issue in the Universal Minerals litigation.

Rule 13(a) exists for situations when "separate trials on each [party's] respective claims would involve a substantial duplication of effort and time by the parties and the courts." *See Goudchaux's, Inc. v. Wohl Shoe Company, Inc.*, 541 F.Supp. 463, 465 (E.D.La. 1982)(quoting *Jones v. United States Dept. Of Housing & Urban Dev.*, 68 F.R.D. 60, 63 (E.D.La. 1975)).  Such duplication of effort does not exist with respect to Ormet's claims because the facts and the law[11] involved in this lawsuit are not "largely the same."  Accordingly, Ormet's claim was not a compulsory counterclaim to the Universal Minerals litigation.

The undisputed summary judgment evidence reveals that Ballast owed Ormet $145,290.77 for storage, reclaiming, and handling services from October 2007, through January, 2008.[12]  Other than Ballast's contentions that such claims were compulsory counterclaims—an argument the Court has now rejected—Ballast has not contested the amount owed.[13]  Accordingly, Ormet's motion for summary judgment is **GRANTED** with respect to its $145,290.77 claim for services rendered.  The Court will now turn to the parties' arguments with respect to the open account statute.

---

[10] *See* R. Doc. No. 21-4.
[11] While the Universal Minerals claim sounded in admiralty, this lawsuit is governed by Louisiana law.  *See* R. Doc. No. 1, para. 7.
[12] R. Doc. No. 21-2, p. 2.
[13] In a telephone conference on June 28, 2010, counsel representing Ballast informed the Court that Ballast is not making any arguments with respect to whether: (1) there was an accord and satisfaction in this matter; or (2) whether the release in the Universal Minerals litigation precludes this claim.

## II.    Open account statute

In addition to arguing that Ormet's claims should be considered compulsory counterclaims to the Universal Minerals litigation, Ballast contests the applicability of La. R.S. § 9:2781(D) to Ormet's claims.[14]  La. R.S. § 2781 provides:

> A.   When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant
> . . .
> D.   For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions . . .

La. R.S. § 9:2781(A) and (D).[15]

Louisiana courts have defined an open account as "an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings.  Services are recurrently granted over a period of time." *Tyler v. Haynes*, 760 So.2d 559, 563 (La.App. 3 Cir. 2000).  The key factor in determining whether a transaction or series of transactions constitute an open account is whether a line of credit was extended.  *Constr. Testing Labs, Inc. v. Wal-Mart Stores, Inc.*, 2009 WL 2214678, at *3 (W.D.La. 2009)(citing *Frey Plumbing Co., Inc. v. Foster,* 996 So.2d 969, 972 (La. 2008)).  "The open account law is penal in nature and must be strictly construed." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d

---

[14] R. Doc. No. 26, pp. 6-9.
[15] "Under a plain reading of [9:2781], there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions." *Frey Plumbing Co., Inc. v. Foster*, 996 So.2d 969, 972 (La. 2008)(per curiam).

169, 174 (5th Cir. 2007)(citing *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1016 (La. 1984)).

The evidence before the Court reveals that no line of credit was extended by Ormet to Ballast. Although Ormet did not require pre-payment for the storage charges, the invoices provided by Ormet do not, on their face, extend credit, but rather state that payment was "due upon receipt of invoice."[16] Such invoicing does not create a line of credit arrangement. *See Constr. Testing Labs*, 2009 WL 2214678, at *3 ("[D]eferred payment of 30 days does not establish an open account where . . . each transaction had definitive terms.")(citing *Cambridge Toxicology Group, Inc.*, 495 F.3d at 174). Such arrangements "do not point to an account open to future modification, but rather a contractual agreement establishing a concurrence in understanding of specific terms." *See id.*

The evidence is clear that Ormet's claim is one of breach of contract rather than an open account. Ormet provided storage and other services to Ballast at fixed rates[17] that were billed at fixed intervals with payment due immediately upon the receipt of each invoice.[18] Such an arrangement did not extend a line of credit and, accordingly, Ormet cannot maintain a cause of action for an open account. Because Ormet's claim is one of breach of contract rather than an open account, attorney's fees cannot be awarded.

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion for summary judgment filed by Ormet is **GRANTED IN PART** and **DENIED IN PART**. Ormet is entitled to a judgment in the amount of

---

[16] R. Doc. No. 25-4, p. 12.
[17] *See* R. Doc. No. 21-4.
[18] *See* R. Doc. No. 21-2 and accompanying exhibits.

$145,290.77 for its breach of contract claim. Ormet's request for attorney's fees pursuant to La. R.S. 9:2781, however, is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Ballast is **DENIED**.

New Orleans, Louisiana, June 28, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**